IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BYRON ALEXANDER KELLY<br>Plaintiff | * | |
| v. | * | CIVIL NO. PWG-15-3707 |
| MONTGOMERY COUNTY OFFICE OF<br>CHILD SUPPORT | * | |
| Defendant. | * | |

*****

## MEMORANDUM

On December 3, 2015, Bryon Alexander Kelly, a resident of Silver Spring, Maryland, filed a self-represented complaint in which he alleges that Defendant has violated his rights by discriminating against him "on the basis of race and/or national origin." Compl. 2, ECF No. 1. His discrimination allegations appear to relate to child support proceedings brought against him: He claims that Defendant filed contempt charges against him "while plaintiff was actively paying child support"; refused to modify his child support when he "lost his job" and "was not working"; garnished his wages; committed "[t]heft of funds" from his checking account; refused to reinstate his driver's license "while reinstating driver's license of others who owe child support"; "[j]udge shop[ed]" his case; and participated in a conspiracy. *Id.* Kelly seeks damages in the amount of $150,000.00. *Id.* at 3. Kelly has submitted a Motion to Proceed In Forma Pauperis, ECF No. 2, which shall be granted.

Kelly invokes this court's federal question jurisdiction. "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004). "The existence of subject matter jurisdiction depends upon the assertion of a

substantial claim." *See Garraghty v. Va. Retirement Sys.*, 200 F. App'x 209, 211 (4th Cir. 2006); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans*, 415 U.S. at 536–37 (internal quotation marks and citations omitted); *see also Davis v. Pak*, 856 F.2d 648, 651 (4th Cir. 1988) (federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). Rule 12 authorizes the district court to dismiss a "patently insubstantial complaint…for want of subject-matter jurisdiction." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, the court has an independent obligation to evaluate, *sua sponte*, its subject matter jurisdiction if it is in doubt. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977); *see also Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Subject matter jurisdiction is not apparent here. The claims raised in this Complaint plainly relate to an ongoing domestic case filed by the Montgomery County Office of Child Support Enforcement against Kelly in the Circuit Court for Montgomery County. *See MCOCSE v. Kelly*, No: 99322FL (copy attached). The docket shows that a complaint for support was filed in December of 2011, that contempt proceedings were held from 2012-2014, and that in June of 2014, Kelly was found in contempt by Judge Albright. Kelly's motion for modification of child support remains pending before the Circuit Court, and a hearing is currently scheduled for January 14, 2016. *Id.*

The case may not proceed in this court for a number of reasons. First, it involves matters of family law. Such issues have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under the domestic relations exception to federal jurisdiction, federal courts generally abstain from review of such cases. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992); *Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest). It may be appropriate for the federal courts to decline to hear a case involving elements of the domestic relationship, even when divorce, alimony or child custody is not strictly at issue:

> "This would be so when a case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties."

*Id.* at 705-06 (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814 (1976)).

This conclusion is supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the state court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are eminently more suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over child custody and support decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power over these cases because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Second, the court is also without jurisdiction to review the gravamen of the allegations. The action is based upon the history of a four-year-old state court proceeding and Kelly's issue with the judicial determinations entered therein. The *Rooker-Feldman* doctrine, based upon the holdings of the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), operates to deprive a district court of subject matter jurisdiction only in a narrow set of circumstances, specifically in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006), the Fourth Circuit held that "the *Rooker–Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." That is, "*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the *Rooker–Feldman* doctrine does not apply." 434 F.3d at 718.

Under the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to overturn a state court judgment, even when the federal complaint raises allegations that the state court judgment violates a claimant's constitutional or federal statutory rights. In creating this jurisdictional bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[1] This action is based upon state court proceedings and plaintiff's dispute with those judicial determinations, and he may not proceed in this

---

[1] Only the Supreme Court has federal court appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257.

federal district court based upon his dissatisfaction with the state court findings. *See Exxon Mobil Corp.*, 544 U.S. at 281.

Finally, to the extent that Kelly's allegation may be generously construed to raise a Fourteenth Amendment equal protection allegation, his legal assertion of discrimination amounts to a bald assertion, unsupported by any facts. Generally, to establish an equal protection claim, a plaintiff must demonstrate that, (1) compared with others similarly situated, he was selectively treated, and (2) that the selective treatment was motivated by purposeful discrimination on some improper basis, such as plaintiff's membership in a particular race or religion. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Here, Kelly baldly asserts "Discrimination on the basis of race and/or national origin." Kelly provides no factual basis to support his conclusory claim of discriminatory intent. His assertion alone fails to establish a prima facie case of discrimination. His allegation is insufficient to state a plausible claim that he has a right to relief "above the speculative level." *See Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (pleading offering only conclusions "will not do"). Accordingly, Kelly's equal protection claim will be dismissed.

The complaint is dismissible for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate Order follows.

Date: 12/23/15

Paul W. Grimm
United States District Judge